

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MANCARI'S CHRYSLER/JEEP, INC., )
)
　　　　　Plaintiff, )
)
　　v. ) No. 04 C 6631
)
UNIVERSAL AUTO LEASING, INC., )
a foreign corporation doing business )
in Illinois, HAIM GOLDENBERG, )
JOMARK, INC., an Illinois corporation, )
GREGORY M. GEISTLER, BRUNO )
MANCARI, JR. and GINA MANCARI, )
)
　　　　　Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's "Motion to Deny Jurisdiction." For the reasons stated below, we deny the "Motion to Deny Jurisdiction" without prejudice.

## BACKGROUND

Plaintiff alleges that Defendant Bruno Mancari, Jr. ("B. Mancari") worked for Plaintiff as a used car manager in 1994. According to Plaintiff, B. Mancari

1

conspired with the other Defendants to defraud Plaintiff by purchasing used autos from Defendants at artificially inflated prices. Plaintiff filed the instant action in Illinois state court on September 2, 2004, and the action was removed to federal court on October 14, 2004. Plaintiff contends that the removal was improper because this court lacks diversity jurisdiction and lacks federal question jurisdiction.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court

"may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

In Defendants' answers to the instant "Motion to Deny Jurisdiction," Defendants do not contest Plaintiff's contention that this court lacks diversity jurisdiction. Rather, Defendants argue that this court has federal question subject matter jurisdiction. The Supreme Court of the United States has made it clear that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant" and that "[a]bsent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441. Defendants claim that this court has federal question jurisdiction in the instant action because Plaintiff's complaint seeks relief for violations of 18 U.S.C. § 1961, which is the "Definitions" section of the Racketeer Influence and Corrupt Organizations Act ("RICO"). Defendants also point out that Plaintiff's complaint bears the title: "Complaint For Violation of 18 U.S.C. § 1961, RICO."

3

Plaintiff admits that in its complaint it seeks relief under RICO, but argues that it intended to also plead alternative state law claims for fraud and breach of fiduciary duty. However, Plaintiff fails to offer an explanation as to why its alternative state law claims are not properly before this court under ancillary jurisdiction since Plaintiff is bringing federal question RICO claims as well. Plaintiff also argues that the fact that the Illinois state courts have concurrent jurisdiction over the RICO claims "favors the return of this cause of action to State Court." (Mot. 3). However, Plaintiff does not provide any legal support for such a contention. Nor does Plaintiff cite to any law in its motion in support of any of its positions. Plaintiff's argument that the state court has concurrent jurisdiction over the RICO claims fails to address why this court lacks federal question jurisdiction over such claims.

The Seventh Circuit has stated that "[f]ederal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress. *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 517-18 (7<sup>h</sup> Cir. 2001). In regards to the exercise of jurisdiction by federal courts, the federal courts have recognized that in certain "exceptional circumstances" a federal court "may abstain from hearing a suit" such as when there are ongoing parallel proceedings in a state court with concurrent jurisdiction and an abstention would further "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Id.*; *see also Colorado River Water*

*Conservation Dist. v. U. S.*, 424 U.S. 800, 818 (1976)(explaining the limited circumstances which "permit[] the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration. . . .").

The federal courts have also excluded certain types of actions from the federal district courts that might otherwise have been brought in federal court. For instance, under the *Rooker-Feldman* doctrine a party "seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights" is required to pursue the claim for a violation of the party's constitutional rights "through the state court system and ultimately to the Supreme Court." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

In addition, some federal statutes expressly provide federal courts with exclusive jurisdiction over matters and some federal statutes expressly provide state courts with concurrent jurisdiction over certain matters. For example, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132*et seq.*, provides that for offenses listed in 29 U.S.C. § 1132(a), other than "subsection (a)(1)(B). . ., the district courts of the United States shall have exclusive jurisdiction." 29 U.S.C. § 1132(e). ERISA also provides that for a claim under 29 U.S.C. § 1132(a)(1)(B) and (7) "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction. . . ." *Id.*

In certain instances, the federal courts have also interpreted federal statutes to provide concurrent jurisdiction to state and federal courts. For instance, the Seventh

Circuit has indicated that state courts have concurrent jurisdiction to hear claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.. Welch v. Johnson*, 907 F.2d 714, 722 n.8 (7th Cir. 1990)(citing *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820 (1990)). Likewise, the Seventh Circuit has found that state courts have concurrent jurisdiction to hear claims under 42 U.S.C. § 1983. *Id.* (citing *Martinez v. California*, 444 U.S. 277, 283 n. 7 (1980)). *See also Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1360 (7th Cir. 1985)(recognizing in a Section 1983 case in the area of "civil rights . . . there is concurrent federal and state jurisdiction").

In regards to RICO, which is at issue before the court in the instant action, the Supreme Court of the United States held in *Tafflin v. Levitt*, 493 U.S. 455 (1990) that since "there is nothing in the language of RICO-- much less an 'explicit statutory directive'--to suggest that Congress has, by affirmative enactment, divested the state courts of jurisdiction to hear civil RICO claims," the state courts have concurrent jurisdiction over RICO claims with the federal courts. *Id.* at 460. The Court in *Taffin* thus explicitly acknowledged that federal courts have jurisdiction over RICO claims. *See id.* at 460(stating that under RICO the "grant of federal jurisdiction is plainly permissive. . . .").

In addition to the Court's holding in *Taffin*, under 28 U.S.C. § 1331, which is entitled "Federal question," the federal district courts are provided with "original jurisdiction of all civil actions arising under the Constitution, *laws*, or treaties of the

United States." 28 U.S.C. § 1331(emphasis added). Plaintiff does not deny that RICO is a federal statute and therefore is a "law. . .of the United States." *Id.* RICO also specifically confers jurisdiction upon federal district courts in 18 U.S.C. § 1964(c) stating that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court. . . ." 18 U.S.C. § 1964(c).

As indicated above, as in RICO, state and federal courts are provided with concurrent jurisdiction over certain ERISA claims. 29 U.S.C. § 1132(e). For such ERISA claims the Seventh Circuit has specifically recognized that since "the suit to recover benefits from [a plaintiff's] employee benefit plan is the type of suit that may be filed in either state or federal court[,]. . .[i]t is also the type of suit that typically could be removed from state court to federal court at the defendant's behest." *Cruthis v. Metropolitan Life Ins. Co.*, 356 F.3d 816, 818 (7th Cir. 2004). *see also Rizzo v. Bankers Life & Cas. Co.*, 2004 WL 1093359, at *2 (N.D. Ill. 2004)(acknowledging "Plaintiff's argument that the state court may also address ERISA claims," but finding that "[t]hough the state court has concurrent jurisdiction, defendant has the option to remove the case to federal court, and it has chosen to exercise this option.").

Plaintiff continues to acknowledge in its instant motion that it is pursuing its RICO claims as at least one alternative basis for recovery, (Mot 2), and since RICO is a federal statute, this court has federal question jurisdiction over such claims. *See*

7

*Baker v. IBP, Inc.*, 357 F.3d 685, 688 (7th Cir. 2004)(stating that "RICO is a federal statute, and a claim based on it therefore arises under federal law for purposes of 28 U.S.C. § 1331."); *Clemens v. Smith*, 1997 WL 461991, at *2 (N.D. Ill. 1997)(stating that "[d]istrict courts have original jurisdiction over all civil actions under the Constitution, treaties, or laws of the United States pursuant to 28 U.S.C. § 1331(a)" and that "RICO claims are brought pursuant to federal law pursuant to 18 U.S.C. § 1962 *et seq.*, and, therefore, district courts have original jurisdiction over RICO claims."). We note however, that if Plaintiff decides to voluntarily dismiss the federal question claims in the instant action, Plaintiff is given leave to file another motion to dismiss based upon a lack of subject matter jurisdiction. Therefore, we deny Plaintiff's "Motion to Deny Jurisdiction" without prejudice.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiff's "Motion to Deny Jurisdiction" without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 21, 2005

8